[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISQUALIFY COUNSEL (NO. 101) 
Plaintiff has moved to disqualify the law firm of O'Keefe, Phelan Jackson from representing the defendants in the present litigation asserting that such representation constitutes a violation of Rule 1.9 of the Rules of Professional Conduct which provides as follows:
RULE 1.9. Conflict of Interest: Former Client
A lawyer who has formerly represented a client in a matter shall not thereafter:
(1) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
(2) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.
The plaintiff, Anthony Colon (Colon) instituted the present action against George Beaudry (Beaudry), General Repair Division II, LLC (LLC), and others alleging that Colon and Beaudry were 50 percent owners of LLC and entered into an operating agreement to conduct a sales and repair business of automobiles. The plaintiff claims that Beaudry breached his fiduciary duties owed to the plaintiff thereby causing the plaintiff damage and the business of LLC to be destroyed. Plaintiff also seeks a dissolution of LLC, an accounting and the distribution of assets of LLC.
When Colon and Beaudry decided to enter into a business relationship, Beaudry told Colon that he had a very good law firm. Beaudry had an attorney-client relationship with the law firm of O'Keefe, Phelan Jackson for nearly 25 years. The law firm prepared the documents CT Page 3433 necessary for the formation of LLC as well as the operating agreement. In the formation process, the plaintiff had several telephone conversations with the law firm during which the only information he provided to it was his name, address and social security number. There was also another telephone conversation in which the plaintiff was advised that the name of the company would have to be spelled out rather than utilizing initials. No other legal advice was provided by the law firm to the plaintiff nor any other information, confidential, or otherwise, was provided by the plaintiff to the law firm.
"Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information. In disqualification matters, however, we must be solicitous of a client's right to freely choose his counsel; mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may loose the benefit of its long time counsel's specialized knowledge of its operation. The competing interests at stake in the motion to disqualify, therefore, are: (1) the defendant's interest in protecting confidential information; (2) the plaintiff's interest in freely selecting counsel of their choice; and (3) the public's interest in the scrupulous administration of justice." Bergeron v. Mackler,225 Conn. 391, 397-98 (1993) (citations and internal quotation marks omitted).
It is clear from the evidence that no confidential information was transmitted by the plaintiff to the law firm. It is also clear that other than drafting the documents no substantial legal advice was provided by the law firm to the plaintiff. It is also clear that the claims made by the plaintiff in the present law suit are based, in part, upon the legal relationships created by the documents. The claims of fault made by the plaintiff do not involve the formation of that legal relationship but, rather, are based upon acts claimed to have been committed subsequent to the formation of the legal relationships. Accordingly, the court finds that the claims of the plaintiff are not "in the same or a substantially related matter" within the meaning of Rule 1.9. See Dileina Taverna,Inc. v. Norwalk Properties, LLC (Judicial District of Fairfield at Bridgeport, Dec. 4, 2000) (Rush, J.).
The motion to disqualify counsel is therefore denied.
RUSH, J. CT Page 3434